UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARRELL D. JONES,

      Plaintiff,                         Case No. 3:14-cv-205

vs.

COMMISSIONER OF                       District Judge Walter Herbert Rice
SOCIAL SECURITY,                 Magistrate Judge Michael J. Newman

      Defendant.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 14), the Commissioner's memorandum in opposition (doc. 15), Plaintiff's reply memorandum (doc. 17), the administrative record (doc. 9, 10),[2] and the record as a whole.

**I.**

**A.    Procedural History**

Plaintiff filed for SSI on March 4, 2009. PageID 162-64. Plaintiff suffers from a number of impairments including, among others, residual effects of aortic valve replacement; chronic

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

obstructive pulmonary disease ("COPD"); lumbar degenerative disc disease; residual effects of thoracic aneurysm repair; and abdominal pain and frequent diarrhea. PageID 699, 706-07.

After initial denials of his applications, Plaintiff received a hearing before ALJ Carol Bowen on May 2, 2011. PageID 63-98. ALJ Bowen issued a written decision finding Plaintiff not disabled. PageID 48-58. Following the Appeals Council's denial of Plaintiff's request for review (PageID 34-41), Plaintiff timely appealed to this Court. *See* Complaint, *Jones v. Comm'r of Soc. Sec.*, No. 3:12-cv-5 (S.D. Ohio Jan. 6, 2012). On appeal, Judge Black granted the parties' joint motion for remand, reversed the Commissioner's non-disability finding, and remanded the case back to the Commissioner for further proceedings under Sentence Four of 42 U.S.C. § 405(g). *See* Order, *Jones v. Comm'r of Soc. Sec.*, No. 3:12-cv-5 (S.D. Ohio July 27, 2012).

Following remand, Plaintiff received a second hearing on September 19, 2013 before ALJ Amelia G. Lombardo. PageID 724-62. ALJ Lombardo issued a written decision on February 24, 2014 finding Plaintiff not disabled. PageID 697-710. Specifically, the ALJ's findings were as follows:

> 1. The claimant has not engaged in substantial gainful activity since March 3, 2009, the application date (20 CFR 416.971 *et seq*.).
>
> 2. The claimant has the following severe impairments: residual effects of aortic valve replacement; [COPD]; lumbar degenerative disc disease; and residual effects of thoracic aneurysm repair (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ["RFC"] to perform

sedentary work as defined in 20 CFR 416.967(a)[3] except: occasional stooping and crouching.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born [in] . . . 1970 and was 38 years old, which is defined as a younger individual 18-44, on the date the application was filed. The claimant subsequently changed age category to a younger individual age 45-49 (20 CFR 416.963).

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.964).

9. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969, and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since March 3, 2009, the date the application was filed (20 CFR 416.920(g)).

PageID 699-710.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 718-23. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.    Evidence of Record**

In her decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 699-708. Plaintiff, in his Statement of Errors, also sets forth an extensive summary of the evidence of record. Doc. 14 at PageID 1588-94. The Commissioner defers to

---

[3] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 416.967. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 416.967(a).

the ALJ's discussion of the relevant evidence and offers no objections to the statement of facts presented by Plaintiff. Doc. 15 at PageID 1607. Accordingly, except as otherwise noted in this Report and Recommendation, the undersigned incorporates the ALJ's recitation of the evidence as well as Plaintiff's undisputed summary of the evidentiary record.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

4

**B. "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act.  42 U.S.C. § 1382c(a)(3)(A).  Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or his past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies.  *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations.  20 C.F.R. § 416.920(a)(4).  Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or he perform his or his past relevant work?

5. Assuming the claimant can no longer perform his or his past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F.Supp.2d 816, 818 (S.D. Ohio 2001).  A claimant bears the ultimate burden of establishing that he or he is "disabled" under the Social Security Act's definition.  *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In his Statement of Errors, Plaintiff argues that the ALJ erred by failing to: (A) adequately consider his abdominal and bowel impairments in determining his RFC; (B) meaningfully consider his mental impairments in determining his RFC; and (C) weigh the opinions of state agency medical examiners.  Doc. 14 at PageID 1596.  Because the undersigned finds merit to Plaintiff's first assignment of error, and finds such error should result in reversal of the ALJ's non-disability finding, the undersigned does not address the merits of Plaintiff's remaining assignments of error.

In his first assignment of error, Plaintiff contends the ALJ erred by failing to find that his abdominal issues were "severe" as a matter of law, and also by failing to include any specific work related limitation(s) arising from such impairment in his RFC.  Doc. 14 at PageID 205.  "The regulations define a 'severe' impairment as one which 'significantly limits' the claimant's physical or mental ability to do basic work activities."  *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 426 (6th Cir. 2007).  "The Step Two burden of establishing a 'severe' impairment has been characterized in this circuit as '*de minimus*.'"  *Turnage v. Comm'r. of Soc. Sec.*, 3:14CV012, 2015 WL 1468315, at *2 (S.D. Ohio Mar. 30, 2015) (citing *Higgs v. Bowen*, 880 F.2d 860-62 (6th Cir. 1998); *Murphy v. Sec'y of Health and Human Servs.*, 801 F.2d 182-85 (6th Cir. 1986)).  "Only slight abnormalities that minimally affect a claimant's ability to work can be considered non-severe."  *Id*. (citing *Higgs*, 880 F.2d at 862; *Farris v. Sec'y of Health and Human Servs.*, 773 F.2d 85, 90 (6th Cir. 1985)).

Here, the ALJ never specifically analyzed Plaintiff's abdominal impairment at Step Two and, therefore, did not include it among Plaintiff's severe impairments.  *See* PageID 699-703.  The Court finds error in the ALJ's omission of Plaintiff's abdominal impairment from her Step Two analysis, and, in addition, finds error in the ALJ's failure to find such impairment severe.

The record consists of numerous medical reports objectively verifying the existence of an abdominal impairment. Record reviewing physician James Gahman, M.D. found that Plaintiff suffered from "complications from colostomy surgery" and that Plaintiff's "statements are mostly credible and supported by objective evidence." PageID 376. Significantly, examining physician Damian Danopulos, M.D.[4] noted the following "objective findings" in his report: "reversed colostomy with current abdominal pain possibly due to some adhesions with history of diarrheas which keep his weight down." PageID 365. In fact, Dr. Danopulos found that Plaintiff's "entire abdomen was painful and sensitive to palpation." *Id.*

In May 2013, examining psychologist Jerry Flexman, Ph.D.[5] noted that Plaintiff "has lost 32 pounds in the last year." PageID 901. Plaintiff's treatment records corroborate weight loss through 2013, though not to such extent. *See* PageID 917 (noting that Plaintiff weighed 160 pounds in September 2011); PageID 924 (noting that Plaintiff weighed 156 pounds in January 2012); PageID 1216 (noting that Plaintiff weighed 140 pounds in March 2013); PageID 1237 (noting Plaintiff weighed 141 pounds in April 2013).

---

[4] Dr. Danopulous examined Plaintiff in June 2009, and noted that, following a reversal of an ileostomy Plaintiff received at the time of a double bypass in September 2007, "he experiences stomach pain but also he goes to the bathroom . . . up to ten times a day." PageID 364-65. Dr. Danopulous concluded that Plaintiff's "ability to do work related activity is restricted from . . . his complaints of daily diarrheas with chronic abdominal pain[.]" PageID 365. ALJ Lombardo found that "assigning weight" to Dr. Danopulous's opinion was "not possible" because he offered no specific "workplace restrictions with his opinions," and thus disregarded such statement in total. PageID 707. On remand, the undersigned would direct the ALJ to more fully analyze and weigh Dr. Danopulous's opinion.

[5] Dr. Flexman offered opinions at two separate times, *i.e.*, in December 2009 and May 2013. *See* PageID 394-98; 900-05. Plaintiff, in his third assignment of error, argues that the ALJ failed to assign a specific weight to Dr. Flexman's two opinions. Doc. 14 at PageID 1602-04. The Commissioner acknowledges that the ALJ failed to specifically assign weight to Dr. Flexman's opinion, but argues that "[i]t is quite clear from a reading of the ALJ's decision that the ALJ relied upon Dr. Flexman's assessments in making the determination at [S]tep [T]wo and in assessing Plaintiff's RFC." Doc. 15 at PageID 1617. The ALJ's failure to assign a specific weight to Dr. Flexman's opinions is error. *See* 20 C.F.R. § 416.927(e)(2) (stating that, "[u]nless a treating source's opinion is given controlling weight, the [ALJ] must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant[s]" (emphasis added)). The undersigned makes no determination as to whether such error is harmless and, instead, would direct that the ALJ reassess Dr. Flexman's opinions on remand, assign a particular weight to such opinions, and provide an explanation for such determination.

Further, Plaintiff's home health records from March 2013 noted his frequent and/or urgent need to use the restroom and his "inability to make it to the bathroom or commode in [a] timely manner[.]"  *See* PageID 1332.  Records from April 2013 noted Plaintiff's diarrhea. PageID 1418.  Thus, the ALJ's determination -- that Plaintiff's "allegations of frequent use of the bathroom have not been verified by others in the record" -- is inaccurate.  *See* PageID 706. Based on all of the foregoing, the undersigned finds that the ALJ erred by failing to find that Plaintiff's abdominal impairment was severe.

Such error can be harmless where an ALJ finds that Plaintiff suffers from at least one severe impairment at Step Two -- the ALJ here found Plaintiff's aortic valve, COPD, disc disease, and aneurysm repair were severe impairments -- and considers the limiting effects all of impairments, severe or not, when determining the claimant's RFC at Steps Four and Five.  *See White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 787 (6th Cir. 2009) (holding that, "[o]nce one severe impairment is found, the combined effect of all impairments must be considered, even if other impairments would not be severe"); *see also Johnson v. Colvin*, No. 3:13cv301, 2014 WL 6603376, at *7-8 (S.D. Ohio Nov. 19, 2014).

In this case, the ALJ did discuss Plaintiff's abdominal impairment when determining his RFC.  In fact, the ALJ appeared to find that Plaintiff would require more restroom breaks during the workday than the ordinary employee -- though the ALJ's conclusion in this regard is not entirely clear.  *See* PageID 702-03.  Despite such finding, the ALJ included no specific limitation in the RFC determination arising from Plaintiff's abdominal issues.  PageID 703.  Instead, the ALJ found that Plaintiff's need for restroom breaks during the day could be adequately accommodated by the restriction to sedentary work because, as the ALJ believed, such work would allow "use of the restroom outside of the normal breaks of the workday."  PageID 706-07.

However, the vocational expert's ("VE") testimony establishes only that employers would accommodate such breaks if they did not happen consistently, *i.e.*, that such breaks would not occur every day, or even two-to-three days per week.  PageID 753-55.  In addition, the VE testified that employees in such sedentary settings would not usually be able to take restroom breaks at-will.  PageID 757.  Accordingly, the record does not support the ALJ's conclusion that a restriction to sedentary work adequately accounts for the limitations arising from Plaintiff's abdominal impairment.   A remand for further proceedings is necessary to clarify the specific limitations arising from Plaintiff's abdominal impairment, as well as a determination as to whether jobs exist that Plaintiff can perform despite such limitation.

Based on the foregoing, the undersigned concludes that the ALJ erred in not finding Plaintiff's abdominal impairment to be severe and not adequately considering and explaining the limitations arising from such impairment in determining Plaintiff's RFC.  As a result, the ALJ's non-disability finding is not supported by substantial evidence, and should be reversed.

## IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits."  *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990).  The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming.  *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

Here, evidence of disability is not overwhelming. Accordingly, the undersigned concludes that remand for further proceedings is proper so that the ALJ can adequately consider the limitations arising from all of Plaintiff's impairments, meaningfully explain the weight to be accorded all medical evidence of record, and determine anew Plaintiff's disability status.

**V.**

**IT IS THEREFORE RECOMMENDED THAT:**

1.   The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2.   This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3.   This case be **CLOSED**.

Date:   July 31, 2015                              *s/ Michael J. Newman*
                                                   Michael J. Newman
                                                   United States Magistrate Judge

## <u>NOTICE REGARDING OBJECTIONS</u>

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).