IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARRELL JONES,                                  :

       Plaintiff,                              :       Case No. 3:14cv205

vs.                                             :       JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY,                :

       Defendant.                             :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #18) IN THEIR ENTIRETY; DEFENDANT'S OBJECTION[S] TO SAID JUDICIAL FILING (DOC. #19) OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, REVERSING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER, PURSUANT TO THE FOURTH SENTENCE OF 42 U.S.C. § 405(g), FOR FURTHER ADMINISTRATIVE PROCEEDINGS; TERMINATION ENTRY

---

    Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On July 31, 2015, the United States Magistrate Judge filed a Report and Recommendations (Doc. #18), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be reversed, and the captioned cause remanded to the Defendant Commissioner, pursuant to the Fourth Sentence of 42 U.S.C. § 405(g), for further administrative proceedings. Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #18), as well as upon a

thorough de novo review of this Court's file, including the Administrative Transcript (Doc. #9 and #10), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations (Doc. #18) in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. Accordingly, the Commissioner's decision of non-disability is reversed, and the captioned cause remanded to the Defendant Commissioner, pursuant to the Fourth Sentence of 42 U.S.C. § 405(g), for further administrative proceedings. The Defendant's Objection[s] to said judicial filing (Doc. #19) are overruled. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is reversed, and the captioned cause remanded for further administrative proceedings.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security,

246 F.3d 762 (6th Cir. 2001).  If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion.  Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

     1.    As did the Magistrate Judge, this Court agrees that the Administrative Law Judge ("ALJ") erred by failing to find that Plaintiff's abdominal issues were severe as a matter of law, particularly given the "de minimus" burden upon the Plaintiff to demonstrate severity within the meaning of the Social Security Act.  Although this error can be harmless, it most emphatically was not so in this matter, given the ALJ's failure to include any specific work related limitations arising from Plaintiff's specific impairment with regard to his abdominal issues in Plaintiff's Residual Functional Capacity ("RFC").  The opinions of Dr. Danopulous and Dr. Jerry Flexman more than adequately support the severity of Plaintiff's abdominal issues.  Upon remand, the ALJ must fully analyze and weigh these opinions, and underlying facts upon which said opinions are based.  On remand, the ALJ is directed to consider and to clarify specific limitations arising from this Plaintiff's claimed and substantiated abdominal impairments (i.e., abdominal and bowel issues, when, as a complication of open heart surgery, he developed renal failure and an ischemic bowel, occasioning colectomy and ileostomy sugeries, the upshot of which results in Plaintiff's more than frequent bouts of diarrhea throughout the day, often approaching upwards of 10) and, based upon same, to determine whether jobs exist that Plaintiff can perform, in spite of the need of Plaintiff to deal with his abdominal issues in the workplace.

2. Upon remand, the ALJ must consider anew, in addition to the above, all of those impairments previously found to be severe, in conjunction with the Plaintiff's abdominal issues, considered as severe, in order to determine whether Plaintiff is disabled within the meaning of the Social Security Act, and, accordingly, entitled to benefits under the Act.

3. This Court rejects Plaintiff's invitation (Doc. #20 at 5) to award benefits rather than remand for further proceedings, given the "de novo review triggered by the Commissioner's objections." The Magistrate Judge did not consider the Plaintiff's other allegations of error in the ALJ's opinion; hence, in this Court's opinion, to peremptorily rule on those objections, raised for the first time in Plaintiff's Response (Doc. #22) to Defendant's Objections (Doc. #19), without giving the Defendant Commissioner the opportunity to respond would be improper. The Administrative Law Judge is directed to consider, along with the entirety of the record, Plaintiff's Objections, not ruled upon by the Magistrate Judge, in order to determine anew the question of Plaintiff's disability under the Social Security Act.

4. In this matter, remand for further administrative proceedings, rather than one for the payment of benefits, is proper, given that proof of disability has not yet been shown to be strong, with evidence to the contrary lacking. <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171, 176 (6th Cir. 1994).

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #18) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was <u>not</u> supported by substantial evidence. Defendant's Objection[s] to said judicial filing (Doc. #19) to said judicial filing are overruled.

Judgment will be ordered entered in favor of the Plaintiff and against Defendant Commissioner, reversing the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner, under the Fourth Sentence of 42 U.S.C. § 405(g), for proceedings in accord with both the Magistrate Judge's Report and Recommendations and the order of this Court adopting same.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 28, 2015

                                              WALTER H. RICE, JUDGE
                                              UNITED STATES DISTRICT COURT

Copies to:

Counsel of record